No. DA 06-0834

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 142N

IN THE MATTER OF C.M.R.

A Youth in Need of Care,

APPEAL FROM:     The District Court of the First Judicial District,
                 In and For the County of Lewis and Clark, Cause No. BDN 2005-019,
                 Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

            For Appellant Mother:

                 Jim Wheelis, Chief Appellate Defender, Lisa S. Korchinski, Assistant
                 Appellate Defender, Helena, Montana

            For Appellate Father:

                 Nancy G. Schwartz, Attorney at Law, Billings, Montana

            For Respondent:

                 Hon. Mike McGrath, Montana Attorney General, Mark Mattioli,
                 Assistant Attorney General, Helena, Montana

                 Leo Gallagher, Lewis and Clark County Attorney, Carolyn A. Clemens,
                 Deputy County Attorney, Helena, Montana

                                        Submitted on Briefs:  April 25, 2007

                                                   Decided:  June 12, 2007

Filed:

            _____
                                 Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 C.M.R., the daughter of A.R. (mother) and C.R. (father), was born September 18, 2005. On September 28, 2005, the Department of Public Health and Human Services, Child and Family Services Division ("the Department") filed a petition requesting that C.M.R. be determined to be a youth in need of care. On December 8, 2005, the District Court granted the petition and declared C.M.R. to be a youth in need of care and also granted temporary legal custody to the Department. The District Court approved treatment plans for A.R. and C.R. on February 13, 2006. The Department filed a petition on July 7, 2006, because the professionals who evaluated A.R. and C.R. found that the couples' parenting skills were not likely to improve significantly in the near future. The Department sought permanent legal custody of C.M.R. and termination of the parental rights of A.R. and C.R. On December 6, 2006, the District Court terminated the parental rights of A.R. and C.R. as to C.M.R.

¶3 A.R. and C.R. appeal from the District Court's December 6, 2006 Findings of Fact, Conclusions of Law, and Order terminating their parental rights. A.R. and C.R. appeal separately, but raise essentially the same three issues on appeal. First, A.R. and C.R. briefly argue that the Americans with Disabilities Act (ADA) applies to termination

cases. However, their appeals primarily center around the Department's management of their case. Second, they argue that the Department failed to comply with the District Court's order that the case management service providers should, "if possible," have some training or experience in working with developmentally disabled persons. However, the Department assigned a caseworker with no specialized training in working with parents with developmental disabilities. Lastly, A.R. and C.R. argue that the Department failed reasonably to accommodate their disabilities. The District Court ordered that the Department provide assessments and services which take into account the intellectual developmental level of the parents. As part of the assessments and services, the District Court assigned treatment plans, which were developed by the Department and agreed upon by A.R., C.R., and their legal guardians. However, A.R. and C.R. argue that the treatment plans were unsuccessful because of a failure of the Department to accommodate their disabilities.

¶4 The State argues that the ADA does not apply in proceedings for the termination of parental rights of developmentally disabled parents. Further, the State also argues that even if the ADA applies, the record demonstrates that the Department considered the developmental disabilities of A.R. and C.R. and reasonably accommodated them. The State also maintains that, as in all termination proceedings, the best interests of the child are of primary concern. The State suggests that A.R. and C.R. failed to comply with their treatment plans in many ways that were not directly related to their disabilities. The State contends that A.R. and C.R. were unwilling to change their conduct and behavior to parent their child safely.

3

¶5 The District Court found that while A.R. and C.R. complied with parts of their treatment plans, the treatment plans were not fully complied with and were not successful. The court concluded that because the parenting skills of A.R. and C.R. improved very little, it was not likely that continuing with the treatment plans would make a significant difference within a reasonable amount of time. The severity and chronic nature of the emotional and personality disorders exhibited by A.R. and C.R., combined with a lack of improvement in parenting skills, indicated that they would need constant supervision to raise C.M.R. This was not recommended because C.M.R. would be confused as to with whom she should bond. The court noted that the Department accommodated the disabilities of A.R. and C.R. in creating treatment plans and that there were no additional accommodations that were available or were reasonable for the Department to make in this case. The court also noted that there were no other programs that were not tried that could have given A.R. and C.R. the parenting skills they needed within a reasonable time. Finally, the court found that although the social worker for the Department was not specially trained to work with persons with cognitive disabilities, the social worker conferred with experienced professionals. The court concluded that there was clear and convincing evidence to establish that the best interests of C.M.R. would be served by termination of the parent-child legal relationship. The court also concluded that it was unnecessary to determine the applicability of the ADA because the Department made accommodations for the parents' disabilities in devising the treatment plans and providing services.

¶6   We review a district court's findings of fact to determine whether the "findings of fact are clearly erroneous, whether the conclusions of law are correct and whether the court abused its discretion in ordering termination." *In re J.B.K.*, 2004 MT 202, ¶ 13, 322 Mont. 286, ¶ 13, 95 P.3d 699, ¶ 13 (citing *In re J.V.*, 2003 MT 68, ¶ 7, 314 Mont. 487, ¶ 7, 67 P.3d 242, ¶ 7); *accord In re A.N.W.*, 2006 MT 42, ¶¶ 28-29, 331 Mont. 208, ¶¶ 28-29, 130 P.3d 619, ¶¶ 28-29.  "[W]hen determining whether to terminate parental rights, a district court must make specific factual findings in accordance with the requirements set forth in § 41-3-609, MCA." *In re L.H.*, 2007 MT 70, ¶ 13, 336 Mont. 405, ¶ 13, 154 P.3d 622, ¶ 13 (citing *In re Custody of C.F.*, 2001 MT 19, ¶¶ 11-12, 304 Mont. 134, ¶¶ 11-12, 18 P.3d 1014, ¶¶ 11-12).  Based on our review of the record, we conclude that the District Court's findings of fact are supported by substantial evidence and are not clearly erroneous, and that its conclusions of law are correct.

¶7   Finally, while we note that this case raises issues regarding the applicability of the ADA to parental rights termination proceedings and issues regarding the Department's obligations in working with developmentally disabled parents, our Opinion here should not be read as resolving those issues one way or the other.  Rather, on the facts of this case, we are satisfied that the District Court's decision was correct as a matter of law. We will defer addressing the two aforementioned matters to a future case.

¶8   Therefore, having reviewed the record in this matter, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 internal operating rules, as amended in 2003, which provides for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the

court's findings of fact are supported by substantial evidence and are not clearly erroneous. Additionally, the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted.

¶9     Accordingly, we affirm the District Court's Order entered December 6, 2006.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE